The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Jan N. Pittman and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; or to amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
All Stipulations contained in the Pre-Trial Agreement entered into by the parties at the hearing ar are incorporated herein by reference.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is a sixty-one (61) year-old male who on or about 27 July 1993 was doing business as T. E. Deese, a sole proprietorship. In addition to himself, plaintiff employed his son, Keith Deese, in his general contracting business. Plaintiff carried workers' compensation coverage for his sole proprietorship and general contracting business, but excluded himself from coverage in order to lower his premiums. Plaintiff had other coverage for himself through a group called "National Association of Self Employers."
2. On 27 July 1993, T.E. Deese, the sole proprietorship, was engaged as a general contractor to perform upfitting of tenants spacing at the Raffles Salon located at Blue Ridge Mall in Hendersonville, North Carolina. Defendant D.R. Walters Electric, Incorporated, has been hired by plaintiff. T.E. Deese as an electric subcontractor. Defendant's subcontract began on or about 10 July 1993.
3. Prior to 27 July 1993, plaintiff, as a general contractor, had not provided any assistance to defendant. Defendant's employees' usually performed electrical work without supervision or guidance from plaintiff. On the date of the accident, 27 July 1993, plaintiff had assisted defendant, Walters, one brief time earlier in the day. Regarding this "First pul" plaintiff had volunteered to help, stating "let me give you a hand."
4. On 27 July 1993, plaintiff assisted defendant, Walters, in pulling wire on a second occasion that day. While the exact conversation which led to plaintiff assisting Walters on the second occasion cannot be recalled by the parties, again, plaintiff voluntarily assisted Walters in helping Walters pull wire through a wall. Plaintiff did not expect reimbursement for assisting Walters, and Walters did not expect to pay for plaintiff for his help. After plaintiff had been assisting Walters for approximately ten (10) minutes, the wire broke causing the wire to slip which resulted in plaintiff falling off of the ladder on which he was standing and sustaining an injury.
* * * * * * * * * * *
Based upon the findings of fact, The Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. "One who voluntarily assists a servant at the latter's request does not, as a general rule, become the servant of the master so as to impose upon the latter the duties and liabilities of a master toward such volunteer, or so as to render the master liable to third persons injured by such volunteer's acts or negligence, while rendering such assistance."Reeves v. Power Company, 206 N.C. 523, 174 S.E.2d 413 (1934).
2. "An employee is one who works for another for wages or salary, and the right to demand pay for his services from his employer which seem to be essential to his right to receive compensation under the Workers' Compensation Act, in case of injury sustained by accident arising out of and in the course of his employment." Richards v. Nationwide Homes, 263 N.C. 295,139 S.E.2d 645 (1965).
3. Although plaintiff sustained an injury by accident on 27 July 1993, as there did not exist an employee-employer relationship between plaintiff and defendant, the parties were not subject to or bound by the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2(2); Lucas v.Li'l General Stores, 289 N.C. 212, 221 S.E.2d 257 (1976).
4. Plaintiff is, therefore not entitled to benefits pursuant to the provisions of the North Carolina Workers' Compensation Act for his injury. N.C. Gen. Stat. § 97-2 et. seq.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Plaintiff's claim must, under the law be, and is hereby DENIED.
2. Each side shall pay its own costs.
 S/ _________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _________________ JAMES J. BOOKER COMMISSIONER